# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT J. NJOS,<br>BOP No. 30162-424,<br>IDOC No. R-21668,<br><br>Petitioner,<br><br>vs.<br><br>ILLINOIS DEPT. of CORRECTIONS,<br><br>Respondent. | Case No. 17-cv-971-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner is a federal prisoner currently incarcerated in the Florence ADMAX USP ("Florence") in Colorado. He has brought this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge an outstanding detainer placed on him by the Illinois Department of Corrections ("IDOC") for an alleged parole violation.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed without prejudice.

## The Petition

Petitioner served a state sentence and was released on April 13, 2007, from Graham Correctional Center (which is located within the Southern District of Illinois), to serve a 3-year parole term. (Doc. 1, p. 1). On June 15, 2007, Petitioner was taken into federal custody, and he has remained a federal prisoner since that date.

On March 4, 2009, the IDOC placed a "custody detainer" on Petitioner for a parole violation related to his state sentence. (Doc. 1, pp. 1, 3, 5). At the time the detainer was issued, Petitioner had been in federal custody for over 20 months. According to Petitioner, his "maximum custody date" if he had been returned to state custody would have been October 14, 2010. He claims that his Illinois court case has long since been closed, and thus the detainer should have expired with the closing of the state case. He attaches documentation from the Circuit Court in Winnebago County showing that there is no arrest warrant for him from that jurisdiction. (Doc. 1, p. 4).

Petitioner states that the IDOC refuses to lift the "illegal" custody detainer, despite the fact that the underlying state court case has been closed. He seeks an order from this Court compelling the IDOC to lift the detainer, cancel its warrant, and inform federal officials at Florence that the detainer has been lifted. (Doc. 1, p. 2).

## Discussion

Before a habeas action relating to a state-ordered imprisonment may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary

review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A petitioner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner is not currently in state custody, however, he seeks to challenge an order that would place him into state custody in the future once he is released from federal prison. As such, he must bring his challenge to that future custody order in the Illinois state courts before seeking relief in federal court.

The instant habeas Petition does not reveal any attempt by Petitioner to bring his claim in state court before he filed this case. Further, Petitioner has not made any showing of cause and prejudice for the failure to exhaust his state court remedies on this matter. He must pursue relief in the Illinois courts before he may maintain a habeas action in federal court. Plaintiff may be able to compel the IDOC to lift the custody detainer by filing an action under the Illinois habeas corpus statute, 735 ILL. COMP. STAT. 5/10-101 *et seq.*, or through filing a mandamus action. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).

Until Petitioner brings his challenge to the custody detainer in state court and completes the state appellate review process, his claim remains unexhausted, and a federal habeas corpus action is premature. Accordingly, this action shall be dismissed without prejudice.

## Disposition

For the reasons stated above, the instant habeas petition is **DISMISSED** without prejudice. If necessary, Petitioner may re-file the claim raised herein after his state court remedies are fully exhausted.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

In a case where a state prisoner is challenging his conviction or sentence under 28 U.S.C. § 2254, a certificate of appealability is required before he may pursue an appeal from the dismissal of his habeas case. *See* 28 U.S.C. § 2253(c). However, if the case is brought to challenge a parole revocation, no certificate of appealability is necessary. *Walker v. O'Brien*,

216 F.3d 626, 637-39 (7th Cir. 2000) (certificate requirement does not apply to a challenge to "the specific (additional) detention" that results from the action of a non-judicial body such as a prison disciplinary committee or parole board). Where a state prisoner brings a habeas action under 28 U.S.C. § 2241, a certificate of appealability is required if the detention arose as the result of a judicial branch action (e.g. an indictment or preliminary hearing). *Evans v. Circuit Court of Cook Co.*, 569 F.3d 665, 666 (7th Cir. 2009). However, a certificate of appealability is not needed for a prisoner detained under an executive branch order. *Evans*, 569 F.3d at 666 (discussing *Behr v. Ramsey*, 230 F.3d 268 (7th Cir. 2000)).

In the case at bar, Petitioner is not presently in state custody. If he were to be taken into state custody, the pertinent order would be the executive-branch detainer issued by the IDOC to revoke his parole. Accordingly, the Court concludes that a certificate of appealability is not required in this case, if Petitioner were to choose to pursue an appeal of this order.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.24 09:38:07 -05'00'

United States District Judge